UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ANTHONY RAY FORNEY )
)
v. ) NO. 2:05-CV-236
)
WOODRIDGE HOSPITAL and )
JOHNSON CITY MEDICAL CENTER )

### MEMORANDUM and ORDER

Anthony Ray Forney, a *pro se* prisoner in the Washington County Detention Center, has filed this civil rights complaint under 42 U.S.C. § 1983. The plaintiff is ASSESSED the full filing fee of two hundred, fifty dollars ($250.00). The custodian of the plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint on September 12, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00),

until the $250.00 filing fee has been paid in full.[1] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

In his complaint, the plaintiff states his claims as follows:

> On 1-29-03 my mother Marcella Forney went into cardiac arrest. Well, on that date, I was called and told to go to the hospital, that my mother was on the way to the Johnson City Medical Center. Well, I arrived there before the ambulance did. I seen an ambulance coming so I walked over to where they bring victims in. I walked along side of my mother, and went to the room were she was being treated. A doctor asked me to leave. Well I stated that I wasn't going anywhere. Then I was told they would probaly (sic) be doing stuff that my eyes couldn't bear, so I had an understanding of what was going on, so I went to the family room awaiting notification. Well the doctor was in shortly after I got there, and stated I've done all I can do. At this point and time, my father and sister became hysterical, and I remained my composure for the strength of my family. I went outside and had my peace with God. I return back in to approach the medical staff, and was then told from a doctor that Woodridge brought her over for a breathing treatment and allowed her to sign some form. This facility practices in psychology and professes in the mind. Well I believe my mother shouldn't have been allowed to sign her life away while under care of this facility. (Compl., at ¶ IV).

He seeks several forms of relief, including having criminal charges brought against those who engaged in what, apparently, he views as his mother's illegally-obtained consent to medical treatment, though he is "unsure at the moment" as to the

---

[1] Send the payments to:
    Clerk, USDC
    220 West Depot Street, Suite 200
    Greeneville, TN 37743

2

identity of all those persons. Claiming that "death should have no dollar value," he also requests damages of "1,000,000 million dollars" to compensate him for pain and suffering, grief, mental anguish and "just for the act of knowing."

The Court is mindful that a *pro se* complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, it is apparent that the plaintiff's complaint must be dismissed.

First of all, it appears that the plaintiff's claims are time-barred. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Under the facts as presented by the plaintiff, the last possible date of accrual of the claims alleged in the complaint would have been January of 2003. The record indicates that this action was filed in September of 2005, more than one year past the statutory time limit for assertion of such claims. Accordingly, this action is due to be dismissed as untimely and frivolous. *See Fraley v. Ohio Gallia County*, 166 F.3d 1213 (6th Cir. 1998) (unpublished) (available at 1998 WL 789385).

Secondly, the plaintiff's claims appear to be based on a theory of negligence,

3

i.e., that the defendants acted negligently in allowing his mother to sign a consent form because she was a mental patient and, therefore, presumably incompetent to sign such a form. Aside from whether the plaintiff has alleged that anyone acted under color of law,[2] he has failed to state a claim because negligence cannot serve as a basis for a claim under 42 U.S.C. § 1983. The allegations he presents may constitute a violation of a medical facility's obligation to a patient, but the actions complained of are not constitutional violations and not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-331 (1986) (negligence claims not cognizable under § 1983); *McGhee v. Foltz,* 852 F.2d 876, 881 (medical negligence not a constitutional violation) (6th Cir. 1988).

Third, though it is unclear as to whether the plaintiff is bringing suit on behalf of his mother or himself, he has no standing to pursue claims on his mother's behalf since he has not shown that he is not her "next friend" pursuant to Fed. R. Civ. P. 17(c) and *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Furthermore, if he is bringing suit on his own behalf, the Sixth Circuit has recognized that a supposed victim of an alleged constitutional tort (or her estate's representatives)

---

[2] To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978);

may prosecute a § 1983 claim, but has also held that claims for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members are not actionable under § 1983. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Here, the plaintiff has not pled any injuries other than the grief and emotional distress he experienced as a result of his mother's death and, thus, he has not alleged a cognizable § 1983 claim.

Finally, the Court has no authority to grant the plaintiff's request to have "charges brought up" against the defendants. A plaintiff cannot use a § 1983 action to force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban County Gov't.*, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order). *See also Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996).

Accordingly, a separate order will enter dismissing this action as untimely and frivolous and for failure to state a claim under § 1983.

**ENTER:**

THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE